# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 50026 | **DATE** | 11/28/2001 |
| **CASE TITLE** | CROFT vs. LITTLE PEOPLE'S PLACE | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)    ☐ General Rule 21    ☐ FRCP41(a)(1)    ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated in the attached Memorandum Opinion and Order, Little People's Place's motion for summary judgment is granted and this cause is hereby dismissed in its entirety.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | NOV 29 2001 date docketed | |
| X | Docketing to mail notices. | | | 16 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | U.S. DISTRICT COURT CLERK | | |
| /SEC | courtroom deputy's initials | 2001 NOV 28 PM 3: 03 | NOV 29 2001 date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

DOCKETED
NOV 29 2001

RENEE L. CROFT,

    Plaintiff,

-vs-

LITTLE PEOPLE'S PLACE,

    Defendant.

No. 00 C 50026
Judge Reinhard

## MEMORANDUM OPINION AND ORDER

### *I. Introduction*

Plaintiff, Renee Croft ("Croft"), has filed a two-count first-amended complaint against defendant, Little People's Place, alleging that Little People's Place discriminated against her on the basis of her race in violation of Title VII of the Civil Rights Act of 1964 (Count 1) and the Civil Rights Act of 1991, 42 U.S.C. § 1981 (Count 2). Jurisdiction is proper under 28 U.S.C. § 1331, §1343(a)(3) and 42 U.S.C. §2000e-5(f). Venue is proper as the alleged events occurred in this district. *See* 28 U.S.C. 1391(b). Before the court is Little People's Place's motion for summary judgment on both counts filed pursuant to Federal Rule of Civil Procedure 56.

### *II. Facts*

Croft, an African-American woman, was employed with Little People's Place through 1998 as a head teacher until she voluntarily resigned in 1999. (LR56.1(b) (additional facts) ¶¶ 1, 3) Lynn Montgomery became Executive Director in October of 1998. (LR56.1(a) ¶ 9) That same month, the position for a Site Director for the YWCA needed to be filled, so Lynn Montgomery posted that position by the time clock at Little People's Place. (*Id.* ¶ 21) The Site Director is the person in charge of all administrative functions of the YWCA, including completing billing sheets, organizing and maintaining the filing system, training and hiring personnel, and filling in as needed when teachers are absent. (*Id.* ¶ 23)

On November 3, 1998,[1] plaintiff applied for the Site Director position. (*Id.* ¶ 24) The only two applicants for the position were the plaintiff and Elizabeth Rodriguez ("Rodriguez") and both were interviewed for the position by Lynn Montgomery. (*Id.* ¶¶ 25-27) Prior to plaintiff's interview, plaintiff told Lynn Montgomery that she did not like working at the YWCA, based upon her one week experience helping out there. (*Id.* ¶¶ 28, 29). In August, prior to plaintiff's interview, then-Acting Director, Erica Farney, posted a notice seeking additional help in the office. (*Id.* ¶ 33) Rodriguez assisted in the office with billing, payables and receivables, filing, and enrollment forms; plaintiff did not. (*Id.* ¶¶ 35-38) After Lynn Montgomery became Executive Director in August 1998, she observed Rodriguez continue to assist Erica Farney and herself with office duties. (*Id.* ¶ 40) Lynn Montgomery never saw plaintiff performing these administrative functions or otherwise assisting in the office. (*Id.* ¶ 42) Lynn Montgomery was the decision maker for the Site Director position. (*Id.* ¶ 56) According to Lynn Montgomery, her comparison of the two candidates for the Site Director position led her to conclude that Rodriguez was the more qualified one because she found her "more enthusiastic, more familiar about the paperwork and office work needed for the Site Director position, and because Lynn Montgomery was not satisfied with the explanation plaintiff gave about not liking YWCA," and because she concluded Rodriguez had more formal education. (*Id.* ¶¶ 53, 54; Lynn Montgomery Aff. ¶¶ 29-36) Lynn Montgomery selected Rodriguez as Site Director in November 1998. (*Id.* ¶ 57) Defendant refers to Rodriguez as a Hispanic, but plaintiff points out that Elizabeth Rodriguez' maiden name is Wilson (LR56.1(b), Def. Exh. 8).

Starting in November 1998, as part of the strategic planning committee's work on a five-year plan, plaintiff and Lynn Montgomery had been paired up to analyze the development of an action plan and timeline to develop curriculum (LR56.1(a) ¶¶ 4, 15, 16). As part of this work, plaintiff and Lynn Montgomery agreed that the Board of Trustees of Little People's Place would proceed with the new position of Program Director as part of the strategic plan by March 1, 1999. (*Id.* ¶ 17) At the time, Lynn Montgomery thought that the strategic plan was scheduled to be completed by March 1, 1999, and that this

---

[1] Defendant's Statement of Facts and plaintiff's complaint contain an error, stating November 3, 1999, instead of, presumably, November 3, 1998.

2

was the President of the Board's original timeline. (*Id.* ¶ 18) On March 23, 1999, however, the Board met and decided to delay the completion of the strategic plan (and thus the creation of the Program Director position) until May or June of 1999. (*Id.* ¶ 20) Plaintiff resigned her position as head teacher at Little People's Place on October 11, 1999 (because of multiple sclerosis and her acceptance of a position as Director at Whiz Kidz Enrichment Center, a position she did not report for on finding that the nature of the position had changed.) (*Id.* ¶¶ 107, 108) The Board completed the five-year strategic plan on January 25, 2000, approving the position of Program Director, and authorizing Lynn Montgomery to fill the position. (*Id.* ¶¶ 67, 68)

On July 13, 1999, plaintiff submitted a charge of discrimination with the Illinois Department of Human Rights in which she alleged that she was discriminated against on the basis of race because (1) she applied for the position of Site Director, yet a less qualified non-African-American employee was selected and because (2) although Little People's Place stated she was selected for Program Director, she had not been promoted to that position. (Def. Exh. 20) After receiving a right-to-sue letter from the EEOC, plaintiff filed her complaint in this court. (Def. Exh. 21) Plaintiff claims that Lynn Montgomery offered her the position of Program Director while discussing her potential application for the position of Site Director in November 1998, and that Lynn Montgomery discriminated against plaintiff by enticing her to seek "the illusory position of Program Director, rather than press her application to become the Site Director." (Compl. ¶¶ 15, 21) Plaintiff asserts that Elizabeth Rodriguez is a white employee of Hispanic descent who was less qualified than plaintiff. (Compl. ¶ 18) Plaintiff had been employed by Little People's Place for 16 years when she applied for Site Director, and Elizabeth Rodriguez had been employed by Little People's Place for approximately six months. (LR56.1(b) (additional facts) ¶¶ 3, 4)

### *III. Analysis*

Summary judgment is appropriate if the pleadings and supporting documents, when construed in a light most favorable to the nonmoving party, show there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Bratton v. Roadway Package Sys., Inc.*, 77 F.3d 168, 173 (7th Cir. 1996). If no reasonable jury could return a verdict for the nonmoving party, summary judgment

should be granted. *Id.* Where the party opposing a motion for summary judgment bears the burden of proof on an issue at trial, he must go beyond the pleadings and affirmatively establish a genuine issue of material fact. *Id.* The nonmoving party may not rely upon mere allegations, but must present specific facts to show that a genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 323.

While § 1981 and Title VII differ in the types of discrimination they proscribe, the methods of proof and elements of the case are essentially identical. Therefore, in examining the plaintiff's § 1981 claim, the court employs the same framework used to analyze Title VII claims. *See Vakharia v. Swedish Covenant Hosp.*, 190 F.3d 799, 806 (7th Cir. 1999), *cert. denied*, 120 S. Ct. 2197 (2000). [2]

The plaintiff can prevail on her Title VII and §1981 claims in one of two ways. She may prove her case through direct evidence or via the indirect burden-shifting method first articulated in *McDonnell Douglas v. Green*, 411 U.S. 792 (1973). *See also Vanasco v. National-Louis Univ.*, 137 F.3d 962, 965 (7th Cir. 1998). The plaintiff has offered no direct evidence of race discrimination. Consequently, she must rely on the burden-shifting method of proof.

Under the burden-shifting *McDonnell Douglas* framework, the plaintiff must first introduce sufficient evidence that would support a *prima facie* case of race discrimination. *McDonnell Douglas*, 411 U.S. at 802. Once the *prima facie* case is established, the burden shifts to the employer to produce some legitimate, non-discriminatory reason for the challenged employment decision. *See, e.g., Pafford v.*

---

[2] It is unclear whether an at-will employee, such as plaintiff in the present case, has a sufficient contractual relationship with her employer to maintain a claim under § 1981. The Seventh Circuit has suggested in dicta that at-will employment will not support a § 1981 claim. *See Gonzalez v. Ingersoll Milling Mach. Co.*, 133 F.3d 1025, 1034 (7th Cir. 1998). Other courts, however, relying in part on the Supreme Court's subsequent decision in *Haddle v. Garrison*, 525 U.S. 121 (1998), have expressly held otherwise. *See Lauture v. Int'l Bus. Mach. Corp.*, 216 F.3d 258, 259 (2d Cir. 2000); *Perry v. Woodward*, 199 F.3d 1126, 1133 (10th Cir. 1999), *cert. denied*, 120 S. Ct. 1964 (2000); *Spriggs v. Diamond Auto Glass*, 165 F.3d 1015, 1018-19 (4th Cir. 1999); *Fadeyi v. Planned Parenthood Ass'n of Lubbock, Inc.*, 160 F.3d 1048, 1051-52 (5th Cir. 1998); *Stone v. American Fed'n of Gov't Employees*, 135 F. Supp. 2d 873, 876 (N.D. Ill. 2001). Fortunately, this court need not decide this issue because, even assuming plaintiff has a sufficient contractual relationship with defendant to support her § 1981 claim, the claim would still fail for the same reasons her Title VII claim fails: she has not established her *prima facie* case.

*Herman*, 148 F. 3d 658, 665 (7th Cir. 1998). If the employer meets the burden, the burden shifts back to the plaintiff to prove by a preponderance of evidence that the reasons offered by the defendant were a pretext for discrimination. *Id.*

To establish a *prima facie* case of race discrimination with respect to a failure to promote, the plaintiff must prove by a preponderance of the evidence the following: (1) she is a member of a protected group; (2) she was qualified for the position sought; (3) she was rejected for the position; and (4) the defendant granted that promotion to a person whose race was different from that of the plaintiff's but whose qualifications were similar or less than those of the plaintiff. *See Payne v. Milwaukee County*, 146 F. 3d 430, 434 (7th Cir. 1998); *Brill v. Lante Corp.*, 119 F.3d 1266, 1270 (7th Cir. 1997).

In this case, plaintiff has failed to establish the fourth element of her *prima facie* case as to the Site Director position. Specifically, Croft has not proven by a preponderance of evidence that Rodriguez, the candidate selected for the Site Director position, was similarly or less qualified than plaintiff. Prior to selecting the candidate for Site Director, Lynn Montgomery concluded that Rodriguez was more familiar with the paperwork and office work needed for the Site Director position than the plaintiff, and showed more initiative and enthusiasm for the work. (LR56.1(a) ¶¶ 53, 55, 91) These are the qualifications that Little People's Place deemed important for the Site Director position. Croft has not presented any evidence to prove that she similarly possessed these qualifications of familiarity with paperwork and office work, as well as initiative and enthusiasm for the work, that Little People's Place considered to be important qualifications for the position.

Croft does proffer evidence that she has been employed by Little People's Place for a longer period of time than Rodriguez, 16 years to Rodriguez' six months. (LR56.1(b) (additional facts) ¶¶ 3,4) However, longer duration of employment with defendant is not necessarily a qualification for the position of Site Director. The plaintiff was employed by Little People's Place as head teacher, whereas the Site Director position entailed office responsibilities--different duties altogether from that of a teacher. In sum, Croft has not produced any evidence to support a reasonable inference that she was more qualified, or similarly

qualified, for the position of Site Director than Rodriguez–the fourth element of a *prima facie* case. Thus Croft has not established a *prima facie* case of discriminatory denial of promotion.

Even if the court were to proceed directly to the pretext stage of the *McDonnell Douglas* analysis, *see Essex v. United Parcel Serv., Inc.*, 111 F.3d 1304, 1309 (7th Cir. 1997) (permissible to advance to dispositive issue of pretext without deciding whether plaintiff established prima facie case), the plaintiff has failed to produce evidence from which a reasonable person could conclude that the defendant's articulated reason for failing to promote her, and promoting Elizabeth Rodriguez instead, is pretextual. *See also Johnson v. Nordstrom*, 260 F.3d 727, 732 (7th Cir. 2001), *citing Holmberg v. Baxter Healthcare Corp.*, 901 F.2d 1387, 1391 (7th Cir. 1990) (where the plaintiff had not met the burden of showing pretext, it was not necessary to decide whether the plaintiff established a *prima facie* case). A plaintiff can prove pretext by presenting evidence from which a reasonable factfinder could conclude that the employer's proffered reason is unworthy of credence, raising the inference that the real reason is discriminatory. *See Essex*, 111 F.3d at 1310. The question is whether the employer honestly believed its proffered reason for not promoting the employee. *Id.* The fact that the employer was mistaken or based its decision on bad policy is not evidence that the reason given is pretextual. *Id.; Sample v. Aldi Inc.*, 61 F.3d 544, 547 (7th Cir.1995); *Kralman v. Illinois Dept. of Veteran's Affairs*, 23 F.3d 150, 156 (7th Cir. 1994). To demonstrate pretext, "a plaintiff must show more than that the employer's decision was incorrect; the plaintiff must also show the employer lied about its proffered explanation." *See Johnson v. Nordstrom, Inc.*, 260 F.3d 727, 731 (7th Cir. 2001) (citing *Abioye v. Sundstrand Corp.*, 164 F. 3d 364, 368 (7th Cir. 1998)). Therefore, to prevent summary judgment, Croft must present evidence that Little People's Place was insincere in its explanation for not promoting Croft, and promoting Rodriguez instead. *Essex*, 111 F.3d at 1304; *Kralman*, 23 F.3d at 156.

Lynn Montgomery's proffered reason for promoting Rodriguez to Site Director rather than Croft is that, in comparing the two candidates, she found Rodriguez to be more familiar with the paperwork and office work needed for the position, more enthusiastic about the position, and she was not satisfied with the explanation Croft gave about not liking the YWCA in her prior experience. (LR 56.1(a) ¶53) While not directly challenging these reasons, plaintiff makes much of what she calls a disputed issue of fact over

whether Lynn Montgomery offered her the position of the Program Director position when she was interviewing for the Site Director position. Her theory appears to be that Lynn Montgomery wanted to entice plaintiff with the allegedly "illusory position of Program Director" to "clear the way" for promoting Rodriguez to the Site Director position, all the while knowing the Program Director position was not available yet. (First Am. Compl. ¶ 21; Pl. Resp., p. 3).[3] But even if a factfinder were to find that Lynn Montgomery did offer the plaintiff the position of Program Director before it actually existed, plaintiff fails to demonstrate (or even argue) that there was any pretext to defendant's stated explanation for promoting Rodriguez rather than her: Rodriguez' enthusiasm and superior familiarity with the paperwork, and Croft's unsatisfactory answer to Montgomery's inquiry about Croft's previous experience with the YWCA.

Croft presents no evidence to suggest that Lynn Montgomery was being dishonest about her proffered reasons for promoting Rodriguez rather than Montgomery. Although plaintiff claims Little People's Place "had a practice of discriminating against African-Americans working in administrative positions" (First Am. Compl. ¶ 21), plaintiff has not presented any evidence of past discrimination to create an issue of fact as to pretext. *See Essex*, 111 F.3d at 1304. Croft's burden was to show that Little People's Place lied when it stated that it believed Rodriguez was more qualified for the Site Director position. *See Johnson*, 260 F.3d at 733. Croft's subjective belief that she was better qualified than Rodriguez does not, without more, demonstrate pretext. *Id.* Moreover, as discussed above, the fact that Croft has been employed for a longer time by Little People's Place is not evidence that she was more qualified for the Site Director position. Little People's Place stated it found Rodriguez to be more familiar with paperwork and office work–Site Director Responsibilities, as well as more enthusiastic for the position. (LR56.1(a) ¶¶23, 53) An employer is free to develop its own criteria in determining whom to promote, and Croft has failed to

---

[3] In her complaint and EEOC charge, plaintiff also appeared to allege defendant's failure to promote her to the Program Director position as a separate violation. (First. Am. Compl. ¶ 20; Compl. Exh. 2) In her response brief, though, plaintiff has not pursued this theory. In fact, she does not respond at all to defendant's arguments regarding her inability to satisfy her *prima facie* case with respect to the Program Director position or that defendant's reasons for not giving her that promotion were pretextual. Instead, plaintiff uses the fact that Montgomery offered her the non-existent Program Director position as evidence of pretext to help prove defendant discriminatorily denied her the *Site* Director position. Since plaintiff has abandoned any separate claim that she was improperly denied the Program Director promotion, the court considers it waived.

demonstrate that these were not Little People's Place's true reasons for promoting Rodriguez rather than her. *See Johnson*, 260 F.3d at 733; *See Schaffner v. Glencoe Park Dist.*, 256 F.3d 616, 620 (7th Cir. 2001). Therefore, Croft has failed to prove that there was any pretext to Little People's Place's proffered reason for not promoting Croft.

### *IV. Conclusion*

Little People's Place's motion for summary judgment is granted and this cause is hereby dismissed in its entirety.

ENTER:

PHILIP G. REINHARD
United States District Judge

DATED: November 28, 2001